**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff,*
David Keledjian

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KELEDJIAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN PRO ENERGY; AUDACITY NETWORKS LIMITED; A1 SOLAR POWER, INC.; and OLVI MALKA, an Individual,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

//

//

## INTRODUCTION

1. Plaintiff DAVID KELEDJIAN ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants AMERICAN PRO ENERGY, AUDACITY NETWORKS LIMITED, A1 SOLAR POWER INC., and OLVI MALKA (hereinafter collectively as "Defendants") in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012

WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

6. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Hacienda Heights, County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendants:

    (a)    is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b)    does substantial business within this district;

    (c)    is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d)    the harm to Plaintiff occurred within this district.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of Hacienda Heights, County of Los Angeles, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (3).

8. Defendant AMERICAN PRO ENERGY is, and at all times mentioned herein was, a solar system company, and is a "person," as defined by 47 U.S.C. § 153 (39).

9. Defendant AUDACITY NETWORKS LIMITED is a company and owner of one or more of the telephone numbers used by Defendant American Pro Energy used to make telephone calls to Plaintiff in violation of the TCPA; and Defendant Audacity Networks Limited is, and at all times mentioned herein was, a company, and is a "person," as defined by 47 U.S.C. § 153 (39).

10. Defendant A1 SOLAR POWER INC. is a company and owner of one or more of the telephone numbers used by Defendant American Pro Energy used to make telephone calls to Plaintiff in violation of the TCPA; and Defendant A1 Solar Power Inc. is, and at all times mentioned herein was, a company, and is a "person," as defined by 47 U.S.C. § 153 (39).

11. Defendant OLVI MALKA is an individual and the Chief Executive Officer of Defendant A1 Solar Power Inc.. Defendant Olvi Malka, in the capacity of Chief Executive Officer of Defendant A1 Solar Power Inc. caused the violations of 47 U.S.C. § 227, et seq. as alleged herein.

12. Plaintiff alleges that at all times relevant herein each of the Defendants conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

13. Plaintiff alleges that at all times relevant herein Defendants conducted business in the State of California, County of Los Angeles, and within this judicial district.

14. At no time did Plaintiff ever enter into a business relationship with Defendants.

15. Beginning in January 2016, Defendants initiated multiple telephone communications to Plaintiff's cellular telephone number ending in "2517" using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

16. On January 22, 2016 at approximately 1:24 p.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 743-9035 to Plaintiff's telephone number ending in "2517."

17. On February 1, 2016 at approximately 3:20 p.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 650-0200 to Plaintiff's telephone number ending in "2517."

18. On February 16, 2016 at approximately 12:35 p.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 697-6392 to Plaintiff's telephone number ending in "2517."

19. On March 6, 2016 at approximately 12:37 p.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 860-0347 to Plaintiff's telephone number ending in "2517."

20. On March 17, 2016 at approximately 2:30 p.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 853-2378 to Plaintiff's telephone number ending in "2517."

21. On March 21, 2016 at approximately 9:19 a.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 658-3252 to Plaintiff's telephone number ending in "2517."

22. On March 22, 2016 at approximately 9:32 a.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 626-5934 to Plaintiff's telephone number ending in "2517."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

23. On March 23, 2016 at approximately 1:26 p.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 860-0347 to Plaintiff's telephone number ending in "2517."

24. On March 24, 2016 at approximately 9:06 a.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 639-9370 to Plaintiff's telephone number ending in "2517."

25. On March 25, 2016 at approximately 10:18 a.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 797-4094 to Plaintiff's telephone number ending in "2517."

26. On March 27, 2016 at approximately 5:15 p.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 797-4094 to Plaintiff's telephone number ending in "2517."

27. On March 29, 2016 at approximately 10:37 a.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 724-5923 to Plaintiff's telephone number ending in "2517."

28. On March 29, 2016 at approximately 11:37 a.m. P.S.T., Defendants initiated a telephonic communication from telephone number (818) 743-9035 to Plaintiff's telephone number ending in "2517."

29. These telephonic communications constituted telephone solicitations, as defined by 47 U.S.C. § 227(a)(4).

30. Defendants' calls constituted calls that was not for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

32. Defendants did not have prior written express consent to call Plaintiff and make these telephone solicitations, as defined by 47 U.S.C. § 227(a)(4).

33. On information and belief, Plaintiff believes that Defendants used an "automatic telephone dialing system" (or "ATDS"), as defined by 47 U.S.C. § 227(a)(1) to repeatedly call Plaintiff because Plaintiff was greeted by dead air and/or a prerecorded message prior to speaking with Defendants' representative.

34. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

35. These telephonic communications by Defendants, or their agent(s), violated 47 U.S.C. § 227(b)(1).

36. Through Defendants' aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

37. Plaintiff was personally affected by Defendants' aforementioned conduct because Plaintiff was frustrated and distressed that despite him asking Defendants to stop calling him on his cellular telephone, Defendants continued to harass Plaintiff with solicitation calls using an ATDS.

38. Defendants' calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by forcing Plaintiff and other similarly situated class members to silence their cellular telephones and/or block incoming telephone calls.

39. Defendants' calls to Plaintiff's cellular telephone number were unsolicited by Plaintiff and without Plaintiff's permission or consent.

40. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendants and/or Defendants' agent(s), with Defendants' permission, knowledge, control and for Defendants' benefit.

41. Through the aforementioned conduct, Defendants have violated 47 U.S.C. § 227 et seq.

//

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

43. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call from Defendants or their agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

44. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

45. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

46. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

47. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

48. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendants or their agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing to any telephone number assigned to a cellular phone service;

   b) Whether Defendants can meet their burden of showing Defendants obtained prior express consent (i.e., consent that is clearly and unmistakably stated);

   c) Whether Defendants' conduct was knowing and/or willful;

   d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   e) Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

49. As a person that received at least one telephonic communication from Defendants' ATDS without Plaintiff's prior written express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

50. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

51. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

52. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

53. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TCPA

## 47 U.S.C. § 227 ET SEQ.

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

56. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET SEQ.

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

60. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class Members pray for judgment as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Providing such further relief as may be just and proper.

//

In addition, Plaintiff and the Class Members pray for further judgment as follows:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

62. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 11, 2016

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _s/ ABBAS KAZEROUNIAN_____
ABBAS KAZEROUNIAN, ESQ.
ATTORNEYS FOR PLAINTIFF